IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:20-CR-79(16) |
| | § | JUDGE MARICA CRONE |
| RUSSELL LIMBRICK (16) | § | |

## FACTUAL BASIS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney in and for the Eastern District of Texas, joined by **Russell Limbrick**, defendant herein, and his counsel of record, **Alejandro Macias**, presents this factual basis and stipulation in support of the defendant's plea of guilty to count one of the Information filed herein, and, in support thereof, would show the following:

1. That **Russell Limbrick**, defendant herein, hereby stipulates and agrees to the truth of all matters set forth in this factual basis and stipulation, and agrees that such admission may be used by the Court in support of her plea of guilty to count one of Information, alleging a violation of 21 U.S.C. Section 843(b), using a communication facility to cause and facilitate the felony offense of conspiracy to possess with intent to distribute methamphetamine.

2. That the defendant, **Russell Limbrick**, who is pleading guilty to such Information, is one and the same person charged in the Information.

3. That the events described in the Information occurred in the Eastern District of Texas and elsewhere.

4. That on or about the dates described in the Information, the defendant, who had knowledge of the actual commission, to wit; possession with the intent to distribute a mixture and substance containing a detectable amount of methamphetamine, concealed and did not as soon as possible make known the same to law enforcement, as charged.

5. That had this matter proceeded to trial, the government, through the testimony of witnesses, including expert witnesses, and through admissible exhibits, would have proven, beyond a reasonable doubt, each and every essential element of the offense alleged in the Information; specifically, the government would have proven the following stipulated facts:

As part of an ongoing investigation into the drug dealing activities of the Limbrick drug trafficking organization, agents were monitoring the phone calls made by **Russell Limbrick (Limbrick)** from the Angelina County Jail, which is located in the Eastern District of Texas. Notably, agents listened to multiple phone calls from **Limbrick** to Alicia Cleveland. During the monitoring of these recordings it became apparent that Cleveland was arranging the sale of methamphetamine to third parties in coordination and at the instruction of **Russell Limbrick**.

More specifically, on April 7, 2018, **Limbrick** called Cleveland, from a

"communication facility," in the form of a jail telephone, while Cleveland was also located in Jasper, Texas, which is in the Eastern District of Texas. At one point of that conversation Cleveland asked **Limbrick** what kind of "candy," to provide to a third party to which **Limbrick** responded "150." They also discussed the third party wanting to "ride the bike" and that Cleveland could obtain "bike parts," from the "281," number in **Limbrick's** phone, which was in the possession of Cleveland. Furthermore, during the course of the same conversation **Limbrick** told Cleveland she should have "100 of them." **Limbrick** asked if she had been selling them and Cleveland said she had. Moreover, **Limbrick** told Cleveland that knows what to do with the "people," when she "runs out," and to just "bring them the bread."

Agents would testify that the quantities and talk of riding the Bike refer to the sale and distribution of pills which contain a detectable amount of methamphetamine, a Schedule II controlled substance. Agents familiar with the investigation would have testified that the conversation, and other conversations from **Limbrick** to Cleveland was coded drug talk in which **Limbrick** and Cleveland were arranging the sale of a mixture or substance containing a detectable amount of methamphetamine, a schedule II controlled substance.

The parties agree that **Limbrick** used the communication facility, namely, the inmate telephones located in the Angelina County Jail, with the

intent to commit the felony offense of conspiracy to possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a schedule II controlled substance. Furthermore, the parties agree **Limbrick** was involved in the conspiracy to possess with the intent to distribute 56 grams of a mixture or substance containing a detectable amount of methamphetamine.

## DEFENDANT'S SIGNATURE AND ACKNOWLEDGMENT

6. I have read this factual basis and stipulation and the Information or have had them read to me and have discussed them with my attorney. I fully understand the contents of this factual basis and stipulation and agree without reservation that it accurately describes the events and my acts.

Dated: _____    _____
                              Russell Limbrick
                              Defendant

## DEFENSE COUNSEL'S SIGNATURE AND ACKNOWLEDGMENT

7. I have read this factual basis and stipulation and the Information and have reviewed them with my client, **Russell Limbrick**. Based upon my discussions with the defendant, I am satisfied that the defendant understands the factual basis

and stipulation as well as the Information, and is knowingly and voluntarily agreeing to these stipulated facts.

Dated: 3-4-21

_____
Alenjandro Macias
Attorney for the Defendant

Respectfully submitted,

NICHOLAS GANJEI
ACTING UNITED STATES ATTORNEY

_____
RUSSELL JAMES
ASSISTANT UNITED STATES ATTORNEY